**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO
*ex rel.* State Engineer, and
UNITED STATES OF AMERICA,

        Plaintiffs,

v.                                                                                          No. CIV 72-09780 JEC

MOLYCORP, INC., *et al.*,                                            RED RIVER ADJUDICATION

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the *Joint Motion for Entry of Consent Order, Order Establishing Procedures, and Supplement to Final Judgment and Decree on Non-Federal Water Rights*, filed October 30, 2009 (Doc. 2837) ("Joint Motion"). Having considered the parties' submissions and the relevant authority, the Joint Motion will be GRANTED IN PART and DENIED IN PART for the reasons set forth below.

**I.     Background**

The Court entered its *Final Judgment and Decree on Non-Federal Water Rights* (Doc. 2831) ("Final Decree") and dismissed this case on December 1, 2000. The Cabresto Lake Irrigation Company ("Cabresto") and the Llano Irrigation Community Ditch ("Llano") have licenses issued by the State Engineer to store water in Cabresto Lake Reservoir. *Joint Motion* at 1-2. Those storage rights are necessary for the exercise of the adjudicated irrigation surface water rights served by Llano and Cabresto. *See id.* The Final Decree adjudicates the surface water irrigation rights served

by Cabresto and Llano but, for reasons unknown to Cabresto, Llano and the State Engineer, the Final Decree did not include Cabresto's and Llano's storage rights.  *See id.*

The State Engineer, Cabresto and Llano ("Movants") agree that the storage rights should be adjudicated as set forth in their proposed Consent Order attached to their Joint Motion and ask the Court to enter the Consent Order.  *Joint Motion* at 2-3.  Movants also ask the Court to enter their proposed Order Establishing Procedures for Entry of Supplement to Final Judgment and Decree ("Procedural Order") which sets forth procedures for providing *inter se* notice to all parties of record in this case of their opportunity to file objections to the proposed Supplement to Final Judgment and Decree of Non-Federal Water Rights ("Supplement").  *Id.*  Finally, Movants ask the Court to enter the Supplement.  No parties filed a response opposing the Joint Motion.

**II.**     **Legal Standard**

Rule 60 of the Federal Rules of Civil Procedure states:

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(a) and (b).

"Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person *intended* to speak, write, or record." *McNickle v. Bankers Life and Casualty Co.*, 888 F.2d 678, 681 (10th Cir. 1989) (*emphasis in original*). "A correction under Rule 60(a) should require no additional proof." *Id.* "The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *West Texas Mktg. Corp. v. Kellogg*, 12 F.3d 497, 504-505 (5th Cir. 1994) ("It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).").

Rule 60(b)(6), on motion and just terms, allows the Court to grant a party relief from a final judgment for "any other reason that justifies relief." "[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). "[T]he rule should be liberally construed when substantial justice will thus be served." *Id.*

**III.    Discussion**

Movants ask the Court to approve and enter their proposed Consent Order.  The Consent Order will adjudicate the water storage rights as between the State and the Defendants Cabresto and Llano and will be subject to any objections filed during the *inter se* procedure.  Movants could attempt to get relief by filing an independent action.  *See* FED. R. CIV. P. 60(d)(1) (Rule 60 "does

3

not limit a court's power to . . . entertain an independent action to relieve a party from a judgment"). Because it finds it will be more efficient to supplement existing Final Decree pursuant to Rule 60 than entertain an independent action, the Court, using its "inherent power to regulate federal dockets [and to] promote judicial efficiency," will grant that portion of the Joint Motion which seeks entry of the Consent Order. *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000).

Movants also ask the Court to enter an order establishing procedures for entry of a supplement to the Final decree. The Court, having reviewed the proposed Procedural Order submitted by the Movants, will enter the proposed Procedural Order after the Movants make the following revisions.

Paragraph 4 on page 3 of the Procedural Order states that the Movants shall hold a public meeting to discuss the proposed Supplement to the Final Decree "no *more* than ten (10) days prior to the end of the objection period." Movants shall revise paragraph 4 to read "no *later* than ten (10) days prior to the end of the objection period."

Paragraph 5 on page 3 of the Procedural Order states: "The Court will hold a mandatory pre-hearing and scheduling conference to set a schedule and procedure for the hearing of all objections no more than thirty (30) days after the close of the objection period." Movants shall revise paragraph 5 of the Procedural Order to read: "Within thirty (30) days after the deadline for objections has closed, the State of New Mexico, Cabresto Lake Irrigation Company and the Llano Irrigation Community Ditch shall file a joint motion with a proposed case management order to address the objection process. After the deadlines for filing responses and replies expire, the Court will set a case management conference, if needed, to address the objection process." Movants shall revise the mailed and published Notices, which set a date and time for the mandatory pre-hearing

4

and scheduling conference, accordingly.

The Procedural Order, at paragraph 6 on page 3, and the mailed and published Notices instruct persons wishing to file an objection to mail their objections to the Court's Santa Fe P.O. Box. Movants shall revise the mailing address in the Procedural Order and the Notices to: United States District Court, District of New Mexico, Office of the Clerk, 106 South Federal Place, Santa Fe, NM 87501.

Movants shall email the Consent Order and the revised Procedural Order to jecproposedtext@nmcourt.fed.us.

Finally, Movants ask the Court to enter a supplement to the Final Decree pursuant to Fed. R. Civ. P. 60(a). However, Movants have not convinced the Court that the relief they seek is available pursuant to Rule 60(a). Their motion cites no legal authority and does not present any facts to support their contention that the absence of their Storage Rights in the Final Decree is a clerical error that may be corrected under Rule 60(a). Movants merely state that "for reasons that remain unknown to the movants, the Final Decree did not include the Storage Rights." (Joint Motion ¶ 3, at 2). Furthermore, their proposed consent order, which adjudicates a storage right between the State and Cabresto/Llano subject to *inter se* objections, and their proposed procedural order, which provides for public notice and the opportunity for *inter se* objections, indicate that their proposed supplement to the Final Decree affects the substantive rights of Cabresto and Llano and would, therefore, be beyond the scope of Rule 60(a).

Movants may be entitled to relief under Rule 60(b)(6). Movants state that the relief they seek is "necessary for . . . the exercise of the adjudicated irrigation surface water rights" owned by others. (Motion ¶ 4, at 2). If so, then this case may present the exceptional circumstances where

substantial justice would be served by granting the Movants relief. As with their Rule 60(a) argument, Movants have not presented sufficient information for the Court to determine whether they would be entitled to relief under Rule 60(b)(6).

Moreover, it would be premature to grant Movants their requested relief by supplementing the Final Decree before the public notice and *inter se* procedures are complete. The Court will, therefore, deny that portion of the Joint Motion that seeks entry of a supplement to the Final Decree. After completion of the public notice and *inter se* procedures, Movants may file a renewed motion to supplement the Final Decree. Their second motion shall identify whether they seek relief pursuant to Rule 60(a) or 60(b)(6) and discuss in detail why they are entitled to relief.

### IV.  Conclusion

Because it appears that Movants may be entitled to adjudication of their storage rights via a supplement to the Final Decree, the Court will enter their proposed consent order and a revised version of their proposed Procedural Order. The Court will deny as premature that portion of the Joint Motion that seeks entry of a supplement to Final Decree but will provide Movants another opportunity to seek relief under Rule 60.

WHEREFORE,

**IT IS ORDERED** that the *Joint Motion for Entry of Consent Order, Order Establishing Procedures, and Supplement to Final Judgment and Decree on Non-Federal Water Rights*, filed October 30, 2009 (Doc. 2837) is **GRANTED IN PART** with respect to entry of the Consent Order, **GRANTED IN PART** with respect to entry of the Procedural Order on the condition that Movants submit the Procedural Order revised per the Court's instructions above, and **DENIED IN PART** with respect to entry of a supplement to the Final Decree.

DATED January 5, 2010.

                                        s/John Edwards Conway

                                        _____
                                        SENIOR UNITED STATES DISTRICT JUDGE